UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GLOBENET CABOS SUBMARINOS AMERICA
INC. f/k/a BRASIL TELECOM OF AMERICA,
INC.

        Plaintiff,                       Case No. _____

    - against -

FSF TECHNOLOGY LTDA EPP d/b/a ALOO
TELECOM

        Defendant.
------------------------------------------------------------x

## COMPLAINT

Plaintiff GlobeNet Cabos Submarinos America Inc. f/k/a Brasil Telecom of America, Inc. ("Plaintiff" or "GlobeNet"), by and through its undersigned counsel, for its Complaint against FSF Techonology Ltda EPP d/b/a Aloo Telecom ("Defendant" or "Aloo"), respectfully alleges as follows:

## NATURE OF THE CASE

1. GlobeNet seeks damages owed to it pursuant to a certain Master Services Agreement between the parties made effective as of February 13, 2014 (the "Agreement") and an accompanying Service Order executed by the parties. A copy of the Agreement and the Service Order, along with a certified translation into English, are attached hereto as **Exhibits A and B**, respectively.

2. Aloo is in breach of the Agreement by failing and refusing to pay invoices presented to it that are past due and owing.

3. As of the date of filing, Aloo owes GlobeNet the sum of two-million seven-hundred fifty-six thousand and eighty one Brazilian Reais and ten cents (R$2.756.081,10), plus interest.

## THE PARTIES

4. GlobeNet is a Delaware corporation with its principal place of business located at 200 East Las Olas Blvd., Suite 1700, Fort Lauderdale, Florida 33301.

5. Upon information and belief, Aloo is a foreign business corporation organized and existing under the laws of Brazil and with its principal place of business in Brazil.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (a) the matter in controversy exceeds $75,000, and (b) there is complete diversity of citizenship between Plaintiff and Defendant.

7. Venue and personal jurisdiction are proper because (i) Defendant transacted business within the District; (ii) Defendant made or performed a contract or promise substantially connected within the District; ███████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████
██████

**FACTUAL BACKGROUND**

8. GlobeNet is a wholesale telecommunications provider. Its corporate mission is to enable the digital world across Latin America, with exceptional customer service, quality and security. To do this, GlobeNet wholly owns and operates a subsea, dual ring-protected, fiber optic cable system that spans more than 23,500 kilometers.

9. Upon information and belief, Aloo is a Brazilian operator of telecommunication services for public, private and residential customers, owning a 25000 kilometer fiber optic network and infrastructure in 14 states in Brazil.

10. On or about February 13, 2014, GlobeNet and Aloo entered into the Agreement, whereby Aloo agreed to purchase certain communication services (the "Services") provided by GlobeNet.

11. ████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████

12. ████████████████████████████████████████████████
████████████████████████████████████████████████████
█████

13. ████████████████████████████████████████████████
████████████████████████████

14. From May 2014 to August 2015, GlobeNet provided the Services and invoiced Aloo. A copy of the subject invoices (the "Invoices"), along with a certified translation into English, are attached hereto as **Composite Exhibit C**.

15. Aloo failed and refused to make payment.

16. ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

17. To date, GlobeNet has not received payment from Aloo of the Fees (plus interest) for the Services rendered from May 2014 to August 2015.

18. ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
██████████████████████████████████████████

19. ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████

20. On February 21, 2018, in accordance with the procedure set forth in Sections 12 and 16.1 of the Agreement, GlobeNet provided Aloo with a written Notice of Dispute, a copy of which is attached hereto as **Exhibit D**.

21. In response to the Notice of Dispute, Aloo responded by stating that it did not owe any Fees to GlobeNet and refused to make payment or engage in further negotiations. A copy of the response letter from Aloo, along with a certified translation into English, is attached hereto as **Exhibit E**.

22. ████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████

23.    ████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████

24.    Aloo is in material breach of the Agreement.

25.    GlobeNet has fully performed all material terms of the Agreement.

26.    All conditions precedent to commencing this action have been performed, have been waived, or have occurred.

27.    GlobeNet has retained undersigned counsel to represent it in this action and is obligated to pay its counsel a reasonable fee for services rendered and costs incurred on its behalf.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Breach of Contract

28.    GlobeNet repeats and realleges each of the allegations set forth in paragraphs 1 through 27 of this Complaint.

29.    GlobeNet and Aloo entered into the Agreement, which is valid and binding.

30.    The Agreement is supported by valuable consideration.

31.    GlobeNet has fully performed all of its obligations under the Agreement.

32.    Aloo breached the Agreement by failing to make payments to GlobeNet of Fees owed from May 2014 to August 2015 in the amount of two-million seven-hundred fifty-six

thousand and eighty one Brazilian Reais and ten cents (R$2.756.081,10), plus interest from the date each payment was owed.

33. Accordingly, Aloo is liable to GlobeNet for breach of contract and GlobeNet is entitled to damages in an amount to be determined at trial, together with pre- and post-judgment interest and attorneys' fees and costs, pursuant to Section 9.1 of the Agreement and otherwise.

## SECOND CAUSE OF ACTION
### Account Stated

34. GlobeNet repeats and realleges each of the allegations set forth in paragraphs 1 through 27 of this Complaint.

35. From May 2014 to August 2015, Aloo became indebted to GlobeNet upon a balance of account for services sold and delivered.

36. On or about the dates set forth on the Invoices, GlobeNet provided the statement of accounts to Aloo, showing the full amount of unpaid services sold and delivered to Aloo by GlobeNet.

37. Aloo retained the statements of account without making any legitimate or timely objections to them or any item(s) contained therein.

38. After the period for timely objections had passed, Aloo complained that it did not owe any Fees to GlobeNet and refused to make payment or engage in further negotiations.

39. No part of the outstanding account has been paid.

40. Accordingly, Aloo is liable to GlobeNet in the amount of two-million seven-hundred fifty-six thousand and eighty one Brazilian Reais and ten cents (R$2.756.081,10), plus interest from the date each payment was owed.

WHEREFORE, plaintiff GlobeNet Cabos Submarinos America Inc. f/k/a Brasil Telecom of America, Inc. seeks judgment against defendant FSF Techonology Ltda EPP d/b/a Aloo Telecom for the following relief:

a. Actual damages for breach of contract sufficient to make GlobeNet whole, in an amount to be determined at trial;

b. The award of such costs, disbursements, interest, and legal fees as may be authorized by the Agreement and otherwise; and

c. Any such other and further relief as the Court may find just and proper.

Dated: New York, New York

   May 21, 2018

**AKERMAN LLP**

By: _____
Michael C. Marsh
michael.marsh@akerman.com
666 Fifth Avenue, 20th Floor
New York, New York 10103
(212) 880-3800

Ryan Roman (*pro hac pending*)
ryan.roman@akerman.com
Donnie M. King (*pro hac to be filed*)
donnie.king@akerman.com
98 SE 7th Street, Suite 110
Miami, Florida  33131
(305) 374-5600

*Attorneys for Plaintiff GlobeNet Cabos Submarinos America Inc.*