UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBENET CABOS SUBMARINOS AMERICA
INC. f/k/a BRASIL TELECOM OF AMERICA,
INC.,

                  Plaintiff,

      v.

FSF TECHNOLOGY LTDA EPP d/b/a ALOO
TELECOM,

                Defendant.

Case No.: 1:18-cv-04477-JFK

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO
STAY THE ACTION OR, IN THE ALTERNATIVE, DISMISS PLAINTIFF'S SECOND
CAUSE OF ACTION**

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ....................................................................................1

STATEMENT OF FACTS ..........................................................................................2

A.    The Parties ....................................................................................................2

B.    The Master Services Agreement ..................................................................2

C.    The Assignment Agreement .........................................................................3

D.    GlobeNet Brazil's Arbitration Against Aloo ...............................................4

ARGUMENT ..............................................................................................................5

   I.   THE COURT SHOULD STAY THIS ACTION........................................5

        A. This Court Has Inherent Power to Enter a Stay Pending Arbitration .......5

        B. A Stay Pending Arbitration is Warranted in this Action..........................7

          1. The Money Sought by GlobeNet US in this Litigation Is at Issue in

            the Arbitration.....................................................................................7

          2. The Remaining Factors Favor a Stay ..................................................9

  II.  ALTERNATIVELY, GLOBENET US'S CLAIM FOR ACCOUNT STATED

     MUST BE DISMISSED ..........................................................................11

CONCLUSION.........................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alghanim v. Alghanim,*
    828 F .Supp. 2d 636 (S.D.N.Y. 2011))… ..................................................................... 6, 9

*Andrews v. Lasser Marshall, Inc.,*
    No. 97 Civ. 3827 (JGK), 1997 WL 624986 (S.D.N.Y. Oct. 6, 1997)… .................... 8, 10

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)… ............................................................................................... 11

*BSG Resources (Guinea) Ltd. v. Soros,*
    No. 17 Civ. 2726 (JFK), 2017 WL 5897450 (S.D.N.Y. Nov. 29, 2017)… ............... 6, 8, 10

*Fifth Third Bancorp v. Dudenhoeffer,*
    134 S. Ct. 2459 (2014)… ............................................................................................ 11

*Fort Prods., Inc. v. Men's Medical Clinic, LLC,*
    No. 15-CV-000376 (NSR), 2016 WL 797577 (S.D.N.Y. Feb. 23, 2016).. ............... 12

*Geo Vantage of Ohio, LLC v. GeoVantage, Inc.,*
    No. 2:05-CV-1145, 2006 WL 2583379 (S.D. Ohio Sept. 6, 2006)… ........................ 8

*Hikers Indus., Inc. v. William Stuart Indus. (Far E.) Ltd.,*
    640 F. Supp. 175 (S.D.N.Y. 1986).............................................................................. 6, 9

*Iusacell, S.A. de C.V. v. Int'l Bus. Mach. Corp.,*
    No 14 Civ. 2679 (NRB), 2014 WL 6491757 (S.D.N.Y. Nov. 14, 2014) ................... 6, 7, 9-11

*Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping, Ltd.,*
    No. 10 Civ. 8134 (DLC), 2011 WL 1465744 (S.D.N.Y. Apr. 15, 2011) ................... 6

*Orange Chicken, L.L.C. v. Nambe Mills, Inc.,*
    No. 00 Civ. 4730 (AGS), 2000 WL 1858556 (S.D.N.Y. Dec. 19, 2000) ................... 5, 6, 8, 11

*Wachtel & Masyr LLP v. Brand Progression LLC,*
    No. 11 Civ. 7398 (LTS) (MHD), 2012 WL 523621 (S.D.N.Y. Feb. 15, 2012) ......... 11

*Zimmerli Textil AG v. Kabbaz,*
    No. 14-CV-1560 (JS) (AYS), 2015 WL 5821523 (E.D.N.Y. Sept. 30, 2015) ........... 11, 12

Defendant FSF Tecnologia Ltda EPP d/b/a Aloo Telecom ("Aloo") respectfully submits this memorandum of law in support of its motion to stay this action pending resolution of a related, ongoing international arbitration between Aloo and Plaintiff GlobeNet Cabos Submarinos America Inc. f/k/a Brasil Telecom of America, Inc.'s ("GlobeNet US") affiliate, GlobeNet Cabos Submarinos S.A. ("GlobeNet Brazil").  In the alternative, Aloo moves to dismiss the Complaint's [D.E. 1] (the "Complaint") second cause of action for account stated.

## PRELIMINARY STATEMENT

The instant suit brought by GlobeNet US before this Court significantly overlaps with a contractually mandated, confidential arbitration that has been underway against Aloo before the Center of Arbitration and Mediation of the Brazil-Canada Chamber of Commerce ("CCBC") since April 20, 2017 (the "Arbitration").  Now, more than a year after GlobeNet US's parent company, GlobeNet Brazil, commenced the Arbitration against Aloo, GlobeNet US has filed this related lawsuit without acknowledging the pending arbitral proceedings or the subsequent contractual history between GlobeNet US, GlobeNet Brazil, and Aloo.

Pled in a vacuum, GlobeNet US's Complaint conveniently neglects to mention that the exact amount sought in the instant action—R$2,756.081.10—was not only satisfied by a later agreement between GlobeNet Brazil and Aloo, but was placed squarely at issue by GlobeNet Brazil in the Arbitration.  ███████████████████████████████████████

████████████████████████████████████████████████

████████  Its decision will directly impact the instant litigation, and may entirely dispose of GlobeNet US's claims against Aloo.  Moving forward on this case while the Arbitration is pending would not only be a waste of judicial resources, but could potentially lead to inconsistent results.  Thus, the instant litigation should be stayed pending the Arbitration.

In the alternative, GlobeNet US's attempt to recover the same R$2,756.081.10 in two duplicative causes of action is improper.  Therefore, GlobeNet US's cause of action for account stated should be dismissed with prejudice.

## STATEMENT OF FACTS

A.    The Parties

Plaintiff GlobeNet US is an American telecommunications provider.  Compl. ¶¶ 4, 8.  It is the North American wholly-owned subsidiary of GlobeNet Brazil, its parent company that is registered and operates in Brazil.  *See* Declaration of Luciano Pontes de Maya Gomes, dated July 26, 2018 ("Maya Decl.") ¶ 14; Ex. 1, at 1.

Defendant Aloo is a Brazilian telecommunications operator that possesses the right to use a 25,000 kilometer fiber optic network and infrastructure in 14 Brazilian states.  Compl. ¶ 9; Maya Decl. Ex. 2, at ¶5.3.2.  Aloo has commercial relationships with both GlobeNet US and its parent, GlobeNet Brazil.  *See* Compl. ¶ 10-12, Ex. A; Maya Decl. Ex. 1.

B.    The Master Services Agreement

Aloo and GlobeNet US entered into the Master Services Agreement ("MSA") on February 13, 2014.  Compl. ¶ 10.  Pursuant to the MSA, Aloo "agreed to purchase certain communication services provided by GlobeNet [US]."  *Id.* ███████████████████████

██████████████████████████████████████████████████████████████████

███████████████████████████  Compl. ¶¶ 12-13.  From May 2014 to August 2015, GlobeNet US provided services in accordance with the MSA and invoiced Aloo accordingly,[1] sending its last invoice on August 17, 2015.  Compl. ¶ 14, Ex. C.  The total amount

---

[1] Upon information and belief, GlobeNet Brazil did all the work pursuant to the MSA and issued the related invoices.  *See* Maya Decl. ¶ 13.  The invoices attached to GlobeNet US's Complaint

invoiced pursuant to the MSA is two million seven hundred fifty six thousand and eighty one Brazilian Reais and ten cents (R$2,756,081.10).  Compl. ¶ 32.

      C.    <u>The Assignment Agreement</u>

      On September 24, 2015—just one month after Aloo received its last MSA-related invoice—Aloo and GlobeNet Brazil entered into the Agreement of Onerous Assignment of Right to Use and Other Covenants Entered into by and between FSF Tecnologia Ltda. and Globenet Cabos Submarinos S.A. ("The Assignment Agreement"), which related to the rights to use and exploit a pair of optical fibers between São Paulo and Rio de Janeiro.  Maya Decl. Ex. 1, at ¶ 2.1.



██████████████████████████████████████████████

██████████████████████████████████

████████████  Maya Decl. Ex. 1, at ¶¶ 5.1, 6.1.  ████████████████████

██████████████████████████████████████████████

███████████████  Maya Decl. Ex. 1, at ¶¶ 5.1.2, 5.1.3.  Specifically, the Assignment Agreement ████████████████████████████████████████

████  by noting that

support this fact.  *See* Compl. Ex. C ██████████████████████████████ ████████████████ .

[2] Defendant's certified English translation of the Assignment Agreement refers to the Master Service Agreement as the February 13, 2014 Master Purchase Agreement. For the avoidance of confusion, all references herein to this agreement will be to the MSA.

Maya Decl. Ex. 1, at ¶ 5.1.3. ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████.[3] *See* Maya Decl. Ex. 1, at ¶ 5.1; Ex. 2, at ¶

5.3.6. ████████████████████████████████████████████████████████████

████████████████████████████████████████████ (Maya Decl. Ex. 1, at ¶ 13.2) ██

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████ Maya

Decl. Ex. 1, at ¶¶ 13.3-13.5.

      D.     <u>GlobeNet Brazil's Arbitration Against Aloo</u>

      GlobeNet Brazil initiated the Arbitration against Aloo on April 20, 2017 before the

CCBC.  Maya Decl. at ¶ 7. ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ Maya Decl. Ex. 2, at

¶¶ 5.3.9, 5.3.15. ████████████████████████████████████████████████

████████████

      As acknowledged by GlobeNet Brazil when defining the subject matter of the

Arbitration,

████████████████████████████████████████████████████████

---

[3] GlobeNet US is well aware that the R$2,756,081.10 allegedly due under the MSA ██████████████

████████████████████████████████████████████████████████████ *See* Compl.
Ex. E.



Maya Decl. Ex. 2, at ¶ 5.1.  Within the Arbitration, GlobeNet Brazil seeks, among other things:



Maya Decl. Ex. 2, ¶ 5.3.15.

To date, GlobeNet Brazil and Aloo have each submitted three briefs in connection with the Arbitration (GlobeNet Brazil's Request for Arbitration, Statement of Claim, and Replica, and Aloo's Answer for the Request for Arbitration, Reposta, and Treplica) and expect that the merits of the case will be fully briefed by August 6, 2018.  Maya Decl. ¶ 9.  The parties to the Arbitration anticipate that the hearing on the merits will take place in the fall of 2018.  Maya Decl. ¶ 10.  After the hearing, GlobeNet Brazil and Aloo will have 30 days to present their Final Claims, and expect that the arbitral tribunal will render a decision 60 days thereafter.  Maya Decl. ¶ 11.

## ARGUMENT

### I.   THE COURT SHOULD STAY THIS ACTION

#### A.   This Court Has Inherent Power to Enter a Stay Pending Arbitration

The Court's inherent power "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for the litigants," *Orange Chicken, L.L.C. v. Nambe Mills, Inc.*, No. 00 Civ. 4730 (AGS), 2000 WL 1858556, at *8 (S.D.N.Y. Dec. 19,

2000) (internal quotations and citations omitted), gives it "the discretion to stay 'nonarbitrable claims' in favor of a 'pending arbitration,' even where the parties in the litigation and the arbitration are not identical." *BSG Resources (Guinea) Ltd. v. Soros*, No. 17 Civ. 2726 (JFK), 2017 WL 5897450, at *3 (S.D.N.Y. Nov. 29, 2017) (Keenan, J.); *see also Iusacell, S.A. de C.V. v. Int'l Bus. Mach. Corp.*, No 14 Civ. 2679 (NRB), 2014 WL 6491757, at *4 (S.D.N.Y. Nov. 14, 2014) ("A district court may stay an action involving a nonparty to a pending arbitration…."). Such stays are "particularly appropriate where [they] promote judicial economy, avoidance of confusion and possible inconsistent results." *Iusacell*, 2014 WL 6491757, at *4 (quoting *Alghanim v. Alghanim*, 828 F .Supp. 2d 636, 665 (S.D.N.Y. 2011)).

The movant seeking a stay pending arbitration must show that the claims in the lawsuit and the claims in the arbitration present "common questions of law and fact," *Hikers Indus., Inc. v. William Stuart Indus. (Far E.) Ltd.*, 640 F. Supp. 175, 178 (S.D.N.Y. 1986), "likely [to] provide significant insight into, if not actually resolve, the [related] claims asserted in [the lawsuit]." *Orange Chicken*, 2000 WL 1858556, at *9. The pending arbitration need not resolve all of the issues pending in the lawsuit, but may be granted even if the arbitration's resolution "will have a significant bearing on" the lawsuit. *Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping, Ltd.*, No. 10 Civ. 8134 (DLC), 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011); *see also Orange Chicken*, 2000 WL 1858556, at *8 ("It is appropriate to grant a stay where the pending proceeding is an arbitration in which issues involved in the case may be determined.") (internal quotations and citations omitted).

In seeking a stay, the movant must also show "that it has not taken nor will take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to

conclude within a reasonable time, and that such delay as may occur will not work undue hardship." *Iusacell*, 2014 WL 6491757, at *4.

All of these factors weigh heavily in favor of staying this action.

      B.    <u>A Stay Pending Arbitration is Warranted in this Action.</u>

          1.    *The Money Sought by GlobeNet US in this Litigation Is at Issue in the Arbitration*

GlobeNet US's claims in this litigation and GlobeNet Brazil's arbitral claims not only present common questions of law and fact, but put the very same sum—the R$2,756,081.10 allegedly owed pursuant to the MSA—at issue.

In the Complaint, GlobeNet US proposes a straight-forward and deceptively simple claim based on the MSA, a contract that was executed by GlobeNet US and Aloo. *See* Compl. ¶ 1. Arguing that Aloo materially breached the MSA when it failed to pay invoices from May 2014 to August 2015 (Compl. ¶ 14), GlobeNet US now seeks to recover the R$2,756,081.10 allegedly due to it pursuant to Section 9.1 of the MSA. *See* Compl. ¶ 33.

GlobeNet US, however, conveniently fails to mention that its Brazilian parent company, GlobeNet Brazil,



. *See* Maya Decl. Ex. 2, at ¶ 3.1.

*See* Maya Decl. Ex. 1, at ¶ 5.1.2.

██████████████████████████████████████████

██████████████████████ *See* Maya Decl. Ex. 1, at ¶ 5.1.3. █████████████

█████████████████████████████████████

████████████████████████████████████████████

██████████████████████ *See* Maya Decl. Ex. 2, at ¶ 5.3.6.

Pursuant to the Assignment Agreement's arbitration clause, GlobeNet Brazil commenced the Arbitration on April 20, 2017 seeking, among other things, ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████ (Maya Decl. Ex. 2, at ¶ 5.3.15(ii)-(iii)), ██████████████████████████.

████████████████████████████████████ and its decision will directly and significantly impact this litigation. ████████████████████

███████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████, thus resolving and potentially mooting this litigation. *See BSG Resources*, 2017 WL 5897450, at *4 ("The resolution of these issues in the Arbitration proceeding will likely provide significant insight into, if not actually resolve, the claims asserted in this action.") (quoting *Orange Chicken*, 2000 WL 1858556, at *9); *see also Geo Vantage of Ohio, LLC v. GeoVantage, Inc.*, No. 2:05-CV-1145, 2006 WL 2583379, at *12 (S.D. Ohio Sept. 6, 2006) (staying case where issues in the arbitration were "all related to the interpretation of the [contract] and the question of whether or not it has been breached"); *Andrews v. Lasser Marshall, Inc.*, No. 97 Civ. 3827 (JGK), 1997 WL

624986, at *1 (S.D.N.Y. Oct. 6, 1997) (staying plaintiff's action for tortious interference pending arbitration of plaintiff's claim for breach of the underlying contract with non-parties).

Even if the Arbitration does not fully resolve the claim that GlobeNet US presents here, the arbitral panel's decision will, at the very least, provide the Court with significant insight into the contractual relationship between GlobeNet US, its parent (GlobeNet Brazil), and Aloo and many of the facts that form the basis of the claims at issue in this action.  *See Hikers Indus.*, 640 F. Supp. at 178 (noting stay is properly granted where arbitration of claims "would at least partially determine the issues which form the basis of the claim" at issue in the litigation).

Allowing this Court to make its own independent determination about the R$2,756,081.10 at this juncture would not only promote judicial economy, but would avoid the possibility of inconsistent rulings by the Court and the arbitral tribunal.  *See, e.g.*, *Iusacell*, 2014 WL 6491757, at *6 ("[G]ranting a stay will promote economy for both the Court and the parties and limit the likelihood of inconsistent results."); *Alghanim*, 828 F. Supp. 2d at 665 ("A stay is particularly appropriate where it promotes judicial economy, avoidance of confusion and possible inconsistent results.") (internal citations and quotations omitted).  Accordingly, a stay is warranted because, whatever the outcome, the disposition of the Arbitration will profoundly affect—and likely resolve—the claims asserted in this case.

### 2. *The Remaining Factors Favor a Stay*

An analysis of the other factors also weigh in favor of a stay.  *First*, Aloo has not taken, nor will it take, any steps to hamper the Arbitration.  *See, e.g.*, *Iusacell*, 2014 WL 6491757, at *7 (noting no basis to conclude that defendant, which was also a party to the arbitration, would hamper arbitration).  Quite the opposite, Aloo has complied with the Arbitration's rules, met all

applicable deadlines, and is seeking to expeditiously resolve the issues in the Arbitration   *See* Maya Decl. at ¶ 12.

*Second*, the Arbitration is expected to conclude within a reasonable time, likely well in advance of this litigation.  The merits of the Arbitration will be fully briefed in under two weeks and the parties expect to hold a hearing to fully resolve the issues by the fall of 2018.  *See* Maya Decl. at ¶ 10; *see also Iusacell*, 2014 WL 6491757, at *5 (staying action where final hearing in arbitration would commence within one and a half years, noting that such time frame was "reasonable given the amounts at stake").  Because "the Arbitration is substantially further along than this action," *BSG Resources*, 2017 WL 5897450, at *5, which is in its infancy, "it is unlikely that the instant action … could proceed to trial any more quickly."  *Iusacell*, 2014 WL 6491757, at *5.

*Third,* GlobeNet US will suffer no undue hardship from a stay.  Given the expected timeline of the Arbitration, there is every reason to think that the issue GlobeNet US placed before this Court—whether it can recover the R$2,756,081.10 ▮▮▮—will be resolved expeditiously.  *See, e.g.*, *BSG Resources*, 2017 WL 5897450, at * 5 (noting that because arbitration is "substantially further along" than the litigation, a stay would be unlikely to cause substantial prejudice to plaintiffs); *Andrews*, 1997 WL 624986, at *1 ("In these circumstances, where the result of the arbitration may substantially resolve issues in this case thereby saving the resources of the parties and the Court, where the arbitration is moving expeditiously and there is no showing of any prejudice from a brief stay to allow the arbitration to conclude, the stay of this action is warranted.").  In addition, "because many, if not all, of the issues in the action will be touched on in the [A]rbitration, there is little risk that the evidence supporting [GlobeNet US's] case may grow stale, become unavailable, or be lost."  *BSG Resources*, 2017 WL 5897450, at *5

10

(quoting *Orange Chicken*, 2000 WL 1858556, at *10); *Iusacell*, 2014 WL 6491757, at *6

("[T]he risk of evidence growing stale is lessened where, as here, many if not all of the issues in

the action will be touched on in the arbitration").

The possibility that GlobeNet US will suffer undue prejudice appears even more remote

when the Court considers "the nearly total overlap between this action and the [A]rbitration."

*Iusacell*, 2014 WL 6491757, at *7.  Indeed, when viewed through this lens, "it is not hard to

conclude that [GlobeNet US's] motivation for pursuing this action now is to gain a tactical

advantage in the [A]rbitration."  *Id.* at *7.

## II.   ALTERNATIVELY, GLOBENET US'S CLAIM FOR ACCOUNT STATED MUST BE DISMISSED

Rule 12(b)(6) dismissal is an "important mechanism for weeding out meritless claims."

*Fifth Third Bancorp v. Dudenhoeffer*, 134 S. Ct. 2459, 2471 (2014).  In order to withstand a

motion to dismiss under Rule 12(b)(6), a complaint must state a "plausible claim for relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

GlobeNet US's claim for account stated fails to state a plausible claim for relief.  It is

well established, "as a matter of law, [that a defendant] cannot be found liable on both an

account stated claim … and a breach of contract claim …. in connection with the same

allegations of a failure to pay monies owed."  *Wachtel & Masyr LLP v. Brand Progression LLC*,

No. 11 Civ. 7398 (LTS) (MHD), 2012 WL 523621, at *1 (S.D.N.Y. Feb. 15, 2012).  Particularly

where the account stated claim "simply seeks to recover the damages related to its breach of

contract claim," *Zimmerli Textil AG v. Kabbaz*, No. 14 Civ. 1560 (JS) (AYS), 2015 WL

5821523, at *7 (E.D.N.Y. Sept. 30, 2015), such claim must be dismissed.

Here, GlobeNet alleges one set of facts in support of and seeks to recover the same

amount—R$2,756,081.10—from its two causes of action.  *See* Compl. ¶¶ 32, 40.  Because

11

GlobeNet US is attempting to utilize the account stated claim "as another means to attempt to collect under a disputed contract," its claim must be dismissed. *Fort Prods., Inc. v. Men's Medical Clinic, LLC,* No. 15-CV-000376 (NSR), 2016 WL 797577, at *4 (S.D.N.Y. Feb. 23, 2016) (dismissing account stated claim with prejudice where plaintiff alleged "nearly identical facts for both the breach of contract claim and the account stated claim" and stated identical damages for both); *Zimmerli,* 2015 WL 5821523, at *7 (dismissing account stated claim with prejudice because it "simply seeks to recover the damages related to its breach of contract claim").

## **CONCLUSION**

For the foregoing reasons, the Court should stay this action pending resolution of the Arbitration or, in the alternative, dismiss Plaintiff's second cause of action.


Dated:  July 26, 2018

Respectfully submitted,

LEWIS BAACH KAUFMANN MIDDLEMISS PLLC

By:     */s/ Erika Levin*

Erika Levin
The Chrysler Building
405 Lexington Avenue, 62nd Floor
New York, NY  10174
Tel: (212) 822-0161
erika.levin@lbkmlaw.com

*Attorneys for Defendant, FSF Tecnologia Ltda EPP d/b/a Aloo Telecom*