**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GLOBENET CABOS SUBMARINOS AMERICA
INC. f/k/a BRASIL TELECOM OF AMERICA,
INC.,

                Plaintiff,

                -against-

FSF TECHNOLOGY LTDA EPP d/b/a ALOO
TELECOM,

                Defendant.

Case No.: 1:18-cv-04477-JFK

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY THE ACTION,**
**OR IN THE ALTERNATIVE, DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION**

Plaintiff GlobeNet Cabos Submarinos America Inc. f/k/a Brasil Telecom of America, Inc.

("GlobeNet U.S."), by and through its undersigned counsel, respectfully submits this response in

opposition to the Motion to Stay the Action, or in the Alternative, Dismiss Plaintiff's Second

Cause of Action [ECF No. 32] (the "Motion") filed by defendant FSF Tecnologia Ltda EPP d/b/a

Aloo Telecom ("Aloo"), as follows:

**PRELIMINARY STATEMENT**

Regardless of what transpires in the ongoing arbitration in Brazil (the "Arbitration"),

Aloo owes GlobeNet U.S. R$2.756.081,10, plus interest, for services rendered by GlobeNet U.S.

to Aloo.  GlobeNet U.S. is not a party to the Arbitration and is not able to obtain relief in the

Arbitration for the unpaid invoices.  As set forth below, the Arbitration will not resolve the

dispute pertaining to these invoices.  Therefore, there is no basis to stay this action.

Furthermore, a stay is generally disfavored as a matter of law.  Unless there is a

compelling reason for a stay, the Motion should be denied.  *Kahn v. Gen. Motors Corp.*, 889

F.2d 1078, 1083 (Fed. Cir. 1989).

GlobeNet U.S. and Aloo are parties to a Master Services Agreement (the "MSA") executed on February 13, 2014. ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████. ███████████████████████████████

████████████████████████ Aloo's Motion sets forth a position contrary to the explicit language of the MSA.

Finally, GlobeNet U.S.'s Second Cause of Action is properly pled in the alternative in the event that this Court determines that there was not a valid and enforceable contract between the parties. Pleading an alternative claim is expressly permitted by the Federal Rules of Civil Procedure. Accordingly, dismissal of GlobeNet U.S.'s Second Cause of Action is not warranted.

For each of the aforementioned reasons, the Motion should be denied.

### STATEMENT OF FACTS

GlobeNet U.S. is a Delaware corporation with its principal place of business located at 200 East Las Olas Blvd., Suite 1700, Fort Lauderdale, Florida 33301. Complaint [ECF No. 1] at ¶ 4. GlobeNet U.S. is a wholesale telecommunications provider that owns and operates a subsea, dual ring-protected, fiber optic cable system that spans more than 23,500 kilometers. *Id.* at ¶ 8. Aloo is a Brazilian operator of telecommunication services for public, private and residential customers, owning a 25,000 kilometer fiber optic network and infrastructure in 14 states in Brazil. *Id.* at ¶ 9.

On or about February 13, 2014, GlobeNet U.S. and Aloo entered into the MSA, whereby Aloo agreed to purchase certain communication services (the "Services") provided by GlobeNet U.S. *Id.* at ¶ 10. A copy of the MSA and Service Order, along with a certified English translation, are attached as Exhibits A and B to the Complaint. █████████████████████

████████████████████████████████████████████████

46043260;3



Compl. at ¶ 11; MSA at § 2.2.

Compl. at ¶ 12; MSA at § 3.1.

GlobeNet U.S. has fully performed all material terms of the MSA. Compl. at ¶ 25. Aloo breached the MSA by failing to make payments to GlobeNet U.S. of fees owed from May 2014 to August 2015 in the amount of two-million seven-hundred fifty-six thousand and eighty one Brazilian Reais and ten cents (R$2.756.081,10), plus interest from the date each payment was owed. *Id.* at ¶¶ 15-17. GlobeNet U.S brings this action to collect those funds.

GlobeNet Cabos Submarinos S.A. ("GlobeNet Brazil") is an affiliate of GlobeNet U.S. with its principal place of business in Sao Paulo, Brazil. On September 24, 2015, Aloo signed the Agreement for Assignment for Consideration of License for Use and Other Covenants (the "Assignment Agreement") with GlobeNet Brazil. GlobeNet U.S. is not a party to the Assignment Agreement. *See* Declaration of Letícia Barbosa e Silva Abdalla (the "Abdalla Declaration"), attached hereto as **Exhibit A**, at ¶ 3. GlobeNet Brazil brought an arbitration (the "Arbitration") against Aloo before the Center of Arbitration and Mediation of Brazil-Canada

3

Chamber of Commerce ("CCBC").  *Id.* at ¶ 1.  The Arbitration concerns a breach by Aloo of the Assignment Agreement.  *Id.* at ¶ 2.  In the Arbitration, GlobeNet Brazil is **not** seeking to collect the money owed under the MSA in the amount of R$2.756.081,10) plus interest. *Id.* at ¶ 5.

## ARGUMENT

I. **THE COURT SHOULD NOT STAY THIS ACTION**

A. Legal Standard on a Motion to Stay

The party seeking a stay bears the "heavy burden of showing necessity for the stay." *Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991).  To do this, the movant must show: (i) that "there are issues common to the arbitration and the court proceeding;" and (ii) that "those issues *will be* finally determined by arbitration."  *American Shipping Line, Inc. v. Massan Shipping Indus., Inc.*, 885 F. Supp. 499, 502 (S.D.N.Y. 1995) (emphasis added).  "If this test is met, the moving party has the burden of showing that the non-arbitrating party will not hinder the arbitration, that the arbitration will be resolved within a reasonable time, and that such delay that may occur will not cause undue hardship to the non-moving parties."  *Id.*  Moreover, "the party requesting a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."  *Kahn*, 889 F.2d at 1083.  This is because stays are generally disfavored.  *Id.* ("Precedent shows the general disfavor with which stays are viewed.").  As set forth below, Aloo cannot meet its burden.

B. GlobeNet U.S.'s Allegation that Aloo is in Breach of the MSA Will Not be Finally Determined in the Arbitration

Whether or not Aloo breached the MSA will not be determined in the Arbitration.  In this action, GlobeNet U.S. seeks damages owed to it pursuant to the MSA and an accompanying Service Order executed by the parties.  Specifically, GlobeNet U.S. is alleging in this action that

4

Aloo breached the MSA by failing to make payments to GlobeNet U.S. of fees owed from May 2014 to August 2015 in the amount of two-million seven-hundred fifty-six thousand and eighty one Brazilian Reais and ten cents (R$2.756.081,10), plus interest from the date each payment was owed.

Although this proceeding may have issues in common with the Arbitration, there are certain matters that will not be resolved in the Arbitration.  This is because any causes of action that are based on Aloo's breach of the MSA are not at issue in the Arbitration.  First and foremost, the claimant in the Arbitration is GlobeNet Brazil, which is not the same entity as U.S.-based plaintiff in this action.  Second, the Arbitration will only resolve disputes pertaining to the Assignment Agreement.  Thus, while GlobeNet Brazil may be able to void the Assignment Agreement and obtain a judgment for R$7,243,918.90 prepaid to Aloo, GlobeNet U.S. is not a party and will not be able to litigate its claim for Aloo's breach of the MSA or collect on the R$2.756.081,10 owed to it under the MSA.  Abdalla Declaration at ¶¶ 3, 5.  Likewise, the Arbitration will not determine whether: (i) the MSA is valid and binding; (ii) the MSA was supported by valuable consideration; (iii) GlobeNet U.S. fully performed all of its obligation under the MSA; or (iv) Aloo breached the MSA by failing to make payments to GlobeNet U.S. of fees owed from May 2014 to August 2015.  *Id*. at ¶ 8.  In order to adjudicate these issues and collect the R$2.756.081,10 owed to it under the MSA, GlobeNet U.S. is required to bring this action.

As the moving party, Aloo has not met its burden to establish that the issues in this case **will be** finally determined in the Arbitration.  Therefore, under the standard set forth in *American Shipping Line*, the Court should not stay this action and the Motion should be denied.

C.  Other Factors Do Not Favor Stay

Aloo's assertion that GlobeNet Brazil may be awarded the damages in the Arbitration for Aloo's breach of the MSA is incorrect.  First and foremost, GlobeNet U.S., and not GlobeNet Brazil, is the party to the MSA.  Abdalla Declaration at ¶ 6.  Second, a ruling in the Arbitration in GlobeNet Brazil's favor will not have the self-executing effect of providing GlobeNet U.S. or GlobeNet Brazil with a judgment in the amount owed by Aloo under the MSA.   Rather, GlobeNet U.S. would still be required to bring a claim for payment of those invoices.



*Id.* at ¶ 5.                                   Aloo breached the MSA by failing to make payments to GlobeNet U.S. of fees owed from May 2014 to August 2015 and should be held account for this breach in the present action.

The case law relied upon by Aloo makes clear that the movant bears a heavy burden to establish that a stay is necessary and "the stay should also not prejudice the non-moving litigant unduly." *Geo Vantage of Ohio, LLC v. GeoVantage, Inc.*, 2:05-CV-1145, 2006 WL 2583379, at *12 (S.D. Ohio Sept. 6, 2006).  GlobeNet U.S. would suffer hardship by not receiving the funds owed to it under the MSA and related Service Order.  GlobeNet U.S. fully complied with its obligations under the MSA more than three years ago but has been force to operate without its rightfully earned compensation.  Where a stay serves to facilitate a transfer to another venue, such as the Arbitration, a "transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." *Weight Watchers Intern., Inc. v. Stouffer Corp.*, 88 CIV. 7062 (MBM), 1989 WL 73292, at *4 (S.D.N.Y. June 28, 1989) (the moving party "has a heavy burden

6

of making a 'clear cut' showing that transfer is warranted, because transfer is inappropriate when it merely serves to shift inconveniences from one party to the other.").

Aloo has also not met its burden of establishing a clear case of hardship or inequity in being required to go forward. *Kahn,* 889 F.2d at 1083 ("The party requesting a stay must make out a clear case of hardship or inequity in being required to go forward. ...).."  Instead, Aloo simply ignores this requirement.

Notably, none of the cases cited by Aloo granted a stay where, as here, the parties agreed to adjudicate the dispute in court and the cause of action at issue would not be resolved in the arbitration.  Therefore, there is no legal basis to stay these proceedings and the Motion should be denied.

    D.  <u>The MSA Provides That Any Dispute Must be Brought in State or Federal Court in New York</u>

If a forum-selection clause is mandatory, disputes shall be heard exclusively in that forum. *See Glob. Seafood Inc. v. Bantry Bay Mussels Ltd.*, 659 F.3d 221, 225 (2d Cir. 2011).  A

7

forum-selection clause is considered mandatory where: (1) "it confers exclusive jurisdiction on the designated forum" or (2) "incorporates obligatory venue language." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir.2007). ████████████████████████████ ████████████████████████████████████ As such, this is the proper venue for the dispute and it should not be resolved – nor is it being resolved – in Arbitration. ███████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

## II. GLOBENET U.S.'S SECOND CAUSE OF ACTION FOR ACCOUNT STATED SHOULD NOT BE DISMISSED

### A. Legal Standard on a Motion to Dismiss

On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint liberally in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421-422 (1969). A court "may grant the motion only if it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief." *Shady Records, Inc. v. Source Enters., In*c., 351 F. Supp. 2d 74, 76 (S.D.N.Y. 2004).

### B. GlobeNet U.S.'s Complaint Properly Alleges Alternative Legal Theories

GlobeNet U.S.'s Complaint alleges two alternative claims for relief: one for breach of contract and one for account stated. Although the two counts are based on common facts and seek similar relief, the two claims are separately pled in the Complaint, as permitted by Rule 8(b). The causes of action are pled in the alternative – *i.e.*, GlobeNet U.S. is either entitled to its requested relief due to Aloo's breach of contract as alleged in the First Cause of Action, or, if it is determined that there was no contract, then GlobeNet U.S. is entitled to its requested relief on its account stated claim found in the Second Cause of Action. The fact that GlobeNet U.S. may be entitled to recover on only one of these claims, or that they seek the same relief, is not a basis

8

for a motion to dismiss.  Rule 8(d) provides that "[a] party may state as many separate claims . . . as it has, regardless of consistency," and that "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."  *Id.* at subsection (2)-(3).

The clear, detailed, and straightforward allegations of GlobeNet U.S.'s Complaint meet the standard of pleading required by the applicable rules and case law.   Under these circumstances, dismissal of the Second Cause of Action would be improper.

<u>**CONCLUSION**</u>

For the reasons set forth above, plaintiff GlobeNet Cabos Submarinos America Inc. f/k/a Brasil Telecom of America, Inc. respectfully requests that the Court deny the Motion to Stay the Action, or in the Alternative, Dismiss Plaintiff's Second Cause of Action filed by defendant FSF Tecnologia Ltda EPP d/b/a Aloo Telecom and grant GlobeNet U.S. such other and further relief as the Court deems just and proper.

9

Dated: New York, New York

      August 13, 2018

                     **AKERMAN LLP**

                     By: _____

                     Michael C. Marsh
                     michael.marsh@akerman.com
                     666 Fifth Avenue, 20th Floor
                     New York, New York 10103
                     (212) 880-3800

                     Ryan Roman (*admitted pro hac vice*)
                     ryan.roman@akerman.com
                     Donnie M. King (*admitted pro hac vice*)
                     donnie.king@akerman.com
                     98 SE 7th Street, Suite 110
                     Miami, Florida  33131
                     (305) 374-5600
                     *Attorneys for Plaintiff GlobeNet Cabos*
                     *Submarinos America Inc.*

46043260;3

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I caused a copy of the foregoing to be filed via the CM/ECF

electronic filing system on this 13th day of August, 2018.

Erika Levin
Lewis Baach Kaufmann Middlemiss PLLC
The Crysler Building
405 Lexington Avenue, 62nd Floor
New York, NY 10174
erika.levin@lbkmlaw.com

*Attorneys for Defendant FSF Tecnologia*
*LTDA EPP d/b/a Aloo Telecom*

s/Ryan Roman
Attorney

11

46043260;3