UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLOBENET CABOS SUBMARINOS AMERICA INC. f/k/a BRASIL TELECOM OF AMERICA, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> FSF TECHNOLOGY LTDA EPP d/b/a ALOO TELECOM, <br><br>    Defendant. | Case No.: 1:18-cv-04477-JFK |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY THE ACTION
OR, IN THE ALTERNATIVE, DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION**

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

    I.   A STAY IS WARRANTED ..................................................................................... 2

        A.  Legal Standard on Motion to Stay ................................................................. 2

        B.  A Stay Pending Arbitration is Warranted in this Action. ............................. 4

            1.   The Arbitration Will Provide Significant Insight Into, If Not Actually Resolve, the Claims Asserted in This Litigation ..................................... 4

            2.   The Remaining Factors Favor a Stay ...................................................... 7

        C.  Staying the Action Will Not Violate the MSA's Forum Selection Clause .................... 8

    II.  GLOBENET US'S CLAIM FOR ACCOUNT STATED IS DUPLICATIVE AND MUST BE DISMISSED ............................................................................... 8

CONCLUSION ....................................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Pages(s)**

## **CASES**

*Andrews v. Lasser Marshall, Inc.,*
　No. 97 Civ. 3827 (JGK), 1997 WL 624986 (S.D.N.Y. Oct. 6, 1997) .................................... 3, 6

*BSG Resources (Guinea) Ltd. v. Soros,*
　No. 17 Civ. 2726 (JFK), 2017 WL 5897450 (S.D.N.Y. Nov. 29, 2017) ................... 2, 3, 5, 6, 7

*Fort Prods., Inc. v. Men's Medical Clinic, LLC,*
　No. 15-CV-00376 (NSR), 2016 WL 797577 (S.D.N.Y. Feb. 23, 2016) .................................. 9

*Hikers Indus., Inc. v. William Stuart Indus. (Far East), Ltd.*,
　640 F. Supp. 175 (S.D.N.Y. 1986) ................................................................................. 3, 6, 8

*Iusacell, S.A. de C.V. v. Int'l Bus. Mach. Corp.,*
　No. 14 Civ. 2697(NRB), 2014 WL 6491757 (S.D.N.Y .Nov. 14, 2014) .................................. 8

*Kahn v. Gen'l Motors Corp.,*
　889 F.2d 1078 (Fed. Cir. 1989) ............................................................................................ 3, 8

*Martima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd.,*
　No. 10 Civ. 8134 (DLC), 2011 WL 1465744 (S.D.N.Y. Apr. 15, 2011) ............................... 2, 3

*Orange Chicken, L.L.C. v. Nambe Mills, Inc.,*
　No. 00 Civ. 4730 (AGS), 2000 WL 1858556 (S.D.N.Y. Dec. 19, 2000) .............................. 2, 6

*Sierra Rutile Ltd. v. Katz,*
　937 F.2d 743 (2d Cir. 1991) ...................................................................................................... 3

*Wachtel & Masyr LLP v. Brand Progression LLC,*
　No. 11 Civ. 7398 (LTS), 2012 WL 523621 (S.D.N.Y. Feb. 15, 2012) ..................................... 9

*Weight Watchers Int'l, Inc. v. Stouffer Corp.,*
　No. 88-CIV-7062 (MBM), (S.D.N.Y. June 28, 1989) ............................................................... 3

*Zimmerli Textil AG v. Kabbaz,*
　No. 14-CV-1560 (JS), 2015 WL 5821523 (E.D.N.Y. Sept. 30, 2015) ...................................... 9

Defendant FSF Tecnologia Ltda EPP d/b/a Aloo Telecom ("Aloo") respectfully submits this Reply in support of its Motion to Stay the Action or, in the Alternative, Dismiss Plaintiff's Second Cause of Action ("Motion to Stay or Dismiss") [D.E. 32].

## PRELIMINARY STATEMENT

A global litigation strategy that seeks to duplicate efforts and potentially wreak inconsistent results is not one that should be supported. And, yet, it is the strategy espoused by GlobeNet Cabos Submarinos America Inc. ("GlobeNet US") and its parent, GlobeNet Cabos Submarinos S.A. ("GlobeNet Brazil"). Why GlobeNet US chooses to ring the alarm bells *now*, more than a year after its parent company commenced an arbitral proceeding against Aloo (the "Arbitration") ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and more than three years after the execution of the Agreement of Onerous Assignment of Right to Use and Other Covenants Entered into by and Between FSF Tecnologia Ltda. and GlobeNet Cabos Submarinos S.A. (the "Assignment Agreement") ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ remains a mystery.

The sum is one and the same. Regardless of GlobeNet US's oversimplified attempts to distinguish between parties, contracts, and proceedings, the fact is that the issues in this case and those pending in the Arbitration are significantly interconnected—and perhaps dispositive—of one another. Tellingly, GlobeNet US and its parent did not distinguish between the R$2,756,081.10 invoiced pursuant to the Master Services Agreement (the "MSA") and the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ before the filing of this litigation. Instead, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; it was never invoiced in connection with the MSA after the execution of the Assignment Agreement and was only raised again when GlobeNet Brazil sought to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and

commence the Arbitration.  Given this link, Aloo solely seeks to pause this litigation pending the Arbitration tribunal's decision ███████████████.

# ARGUMENT

## I. A STAY IS WARRANTED

### A. Legal Standard on Motion to Stay

Courts have the "discretion to stay 'nonarbitrable claims' in favor of a 'pending arbitration,' even where the parties in the litigation and the arbitration are not identical[,] … [when] [t]he resolution of these issues in the Arbitration proceeding will 'likely provide significant insight into, if not actually resolve, the claims asserted in this action.'" *BSG Resources (Guinea) Ltd. v. Soros*, No. 17 Civ. 2726, 2017 WL 5897450, at *3-4 (S.D.N.Y. Nov. 29, 2017) (Keenan, J.).  Far from disfavored, these stays are viewed as "particularly appropriate where they promote judicial economy, avoidance of confusion and possible inconsistent results." *Id.* at *3.  Indeed, granting stays is integral to a court's ability "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd.*, No. 10 Civ. 8134 (DLC), 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011).

While the movant for a stay must establish that "there are issues common to the arbitration and the court proceeding" and that "those issues will be finally determined by arbitration," courts are not, as GlobeNet US implies, precisely and rigidly bound by this test.  To the contrary, courts in this district exercise their discretion to grant stays under a much broader variety of circumstances, including where the arbitration "will likely provide significant insight into, if not actually resolve, the claims asserted in [the litigation]" (*Orange Chicken, L.L.C. v. Nambe Mills, Inc.*, No. 00 Civ. 4730 (AGS), 2000 WL 1858556, at *9 (S.D.N.Y. Dec. 19,

2000)); where "the result of the arbitration may *substantially* resolve issues in [the] case" (*Andrews v. Lasser Marshall, Inc.*, No. 97 Civ. 3827 (JGK), 1997 WL 624986, at *1 (S.D.N.Y. Oct. 6, 1997) (emphasis added)); and where the arbitration would "have some bearing on all of" the claims in an action (*BSG Resources*, 2017 WL 5897450, at *4).  *See also Maritima*, 2011 WL 1465744, at *5 ("These independent proceedings need not be 'controlling of the action before the court.'"); *cf. Sierra Rutile Ltd. v. Katz*, 937 F.2d 743, 750 (2d Cir. 1991) ("It is appropriate … to grant a stay where the pending proceeding is an arbitration in which issues involved in the case *may* be determined.") (emphasis added).  Likewise, courts do not require the arbitration to entirely dispose of the litigation, and note that the all of the claims before it "need not be addressed in the arbitration."  *Hikers Indus., Inc. v. William Stuart Indus. (Far East) Ltd.*, 640 F. Supp. 175, 178 (S.D.N.Y. 1986).

      The movant is then required to make three additional showings: (1) it has not taken (nor will it take) any steps to hamper the progress of the arbitration proceeding; (2) the arbitration will be resolved within a reasonable time; and (3) any delay that may occur will not cause undue hardship to the non-moving parties.  *See BSG Resources*, 2017 WL 5897450, at *3.  It is *not* required, as GlobeNet US attempts to argue, to "make out a clear case of hardship or inequity in being required to go forward."  Opp. at 7 (citing *Kahn v. Gen'l Motors Corp.*, 889 F.2d 1078, at 1083 (Fed. Cir. 1989)).  Indeed, GlobeNet US does not cite one case imposing this requirement on a movant requesting a stay pending arbitration.  *See Kahn*, 889 F.2d at 1083-84 (analyzing whether to apply a customer suit exception to general rule that the first suit should have priority, and assessing whether to stay action pending litigation in another district court); *Weight Watchers Int'l, Inc. v. Stouffer Corp.*, No. 88 -CIV-7062 (MBM), at *3-*4 (S.D.N.Y. June 28,

1989) (considering "shift of [inconveniences]" in context of venue transfer motion). Nor can it; this requirement is relevant only in other contexts, and has no bearing on this matter.

The relevant factors weigh heavily in favor of staying this case.

> B.   A Stay Pending Arbitration is Warranted in this Action.
>
>> 1.   *The Arbitration Will Provide Significant Insight Into, If Not Actually Resolve, the Claims Asserted in This Litigation*

Despite its best efforts to present this matter as a simple and straight-forward claim for breach of contract, GlobeNet US cannot ignore that the R$2,756.081.10 it now seeks was ███████████████████████████████████████████████████████████████ ██████████████. Consequently, this litigation is not a standalone matter, but an issue that will be directly and significantly impacted—if not resolved—by the Arbitration.

Aloo and GlobeNet US entered into the MSA in February 2013. Compl. ¶ 10. █████████ ██████████████████████████████████████ ███████[1]—for a total sum of R$2,756,081.10— from May 2014 to August 2015. Compl. ¶¶ 12-14, 32. One month after GlobeNet US sent its last invoice, Aloo entered into the Assignment Agreement with GlobeNet US's parent, GlobeNet Brazil. Declaration of Luciano Pontes de Maya Gomes, dated July 26, 2018 ("Maya Decl.") Ex. 1. Among other things, ████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████. Maya Decl. Ex. 1, at ¶ 5.1.2. ███████ ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████ ████████████████████████████████ May Decl. Ex. 1, at ¶ 5.1.3. After executing

---

[1] GlobeNet US did not issue all of the invoices pursuant to the MSA. Its parent, GlobeNet Brazil, issued some of the invoices for work performed in connection with the MSA. *See* Compl. Ex. C.

4

the Assignment Agreement, neither GlobeNet Brazil nor GlobeNet US issued any further invoices to Aloo in connection with the R$2,756.081.10 or any other services rendered pursuant to the MSA.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████ Maya Decl. Ex. 2, ¶ 5.3.15. Throughout the arbitral proceedings, GlobeNet Brazil has not backed away from this position; ██████

███████████████████████████████████████████████████████████████

██████. Declaration of Luciano Pontes de Maya Gomes, dated August 20, 2018 ("Reply Maya Decl.") at ¶ 5.

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████, potentially resolving the issue in this litigation. *See, e.g. BSG Resources*, 2017 WL 5897450, at *4 ("The resolution of these issues in the Arbitration proceeding will likely provide significant insight into, if not actually resolve, the claims asserted

---

[2] Contrary to GlobeNet US's assertions (Opp. at 6), Aloo does not now, nor has it ever, argued that GlobeNet Brazil ████████████████████████████████████████████. In its Motion to Stay or Dismiss and in this Reply, Aloo has argued that, ████████████████████ ███████████████████████████████████████████████████████████████ ██████████████████████████████. *See* Mot. to Stay or Dismiss at 8 ("[GlobeNet Brazil's] claim … ████████████████████████████████████████████."). This position does not contradict the arguments made in Aloo's Statement of Defense (which GlobeNet US quotes in, but does not attach to, the Declaration of Letícia Barbosa e Silva Abdalla).

5

in this action."); *Orange Chicken*, 2000 WL 1858556, at *9 (same); *see also Andrews*, 1997 WL 624986, at *1 (noting stay is warranted because "result of the arbitration may substantially resolve issues in this case").

GlobeNet US's attempts to downplay this relationship—and segregate the MSA from subsequent negotiations and disputes that directly impact this proceeding—are inapposite. First, its argument that the claimant in the Arbitration, GlobeNet Brazil, is not the same entity as the plaintiff here (Opp. at 5) has no bearing on the fact that the very same sum—R$2,756.081.10—is at issue in both the Arbitration and this litigation. In any event, this issue is irrelevant, as this Court has the discretion to stay the litigation "even where the parties in the litigation and the arbitration are not identical." *BSG Resources*, 2017 WL 5897450, at *3. Second, GlobeNet US's framing of the Arbitration as a proceeding that will only address the Assignment Agreement (Opp. at 5) turns a blind eye to ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Maya Decl. Ex. 2, at ¶ 5.3.15. And finally, whether the Arbitration ultimately addresses every element necessary to prove a breach of contract is immaterial, as the main issue in this litigation—whether Aloo owes the money pursuant to the MSA (*i.e.*, whether Aloo "breached")—will be addressed by the Tribunal when it assesses ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *See, e.g.*, *Hikers Indus.*, 640 F. Supp. at 178 (noting that all claims in litigation "need not be addressed in the arbitration" when granting stay).

Aloo has amply demonstrated the issues (and, indeed, the specific sum) common to the Arbitration and this matter, as well as how the Arbitration will provide significant insight into, if

6

not resolve, the fate of the R$2,756.081.10 sought here. Because the Arbitration will profoundly impact this matter, this litigation should be stayed.

### 2. *The Remaining Factors Favor a Stay*

GlobeNet US's arguments as to the remaining factors—which ignore Aloo's analysis and instead attempt to distract the Court with an irrelevant standard—are equally unconvincing.

GlobeNet US does not contest that Aloo has complied with the Arbitration's rules to expeditiously resolve the Arbitration, and that the Arbitration will likely conclude within a reasonable time—likely well in advance of this current litigation. Mot. to Stay or Dismiss at 9-10. And although it claims that it would endure hardship because its recovery of R$2,756,081.10 would be delayed (Opp. at 6), such claim is particularly disingenuous because GlobeNet US fails to explain how the Arbitration would lead to delay or how GlobeNet US would be affected. The Arbitration is significantly farther along than this litigation: the parties have fully briefed the issues and just yesterday submitted information to the tribunal in preparation for the hearing on the merits. Reply Maya Decl. ¶¶ 6-7. If anything, the Arbitration's imminent conclusion will cast light on ▬▬▬▬▬▬▬▬▬▬ (including the R$2,756,081.10 claimed in this litigation) sooner than this proceeding. *See, e.g.*, *BSG Resources*, 2017 WL 5897450, at *5 ("[T]he Arbitration is substantially further along than this action…. Thus, it is not clear that a stay of this proceeding would cause substantial prejudice to Plaintiff."). And, in any event, even if the Arbitration does cause a mild delay in this litigation, GlobeNet US has failed to show why it is imperative that it *now* recover an amount that, as it admits, accrued "more than three years ago." Opp. at 6.[3]

---

[3] Indeed, GlobeNet US sent its last invoice related to this amount over three years ago, on August 17, 2015. *See* Compl. ¶ 14, Ex. C.

7

Instead of addressing Aloo's analysis, GlobeNet US focuses on Aloo's supposed burden to establish "a clear case of hardship or inequity in being required to go forward." Opp. at 7 (citing *Kahn*, 889 F.2d at 1083)). GlobeNet US's argument, which unsuccessfully attempts to import burdens from other contexts, is a red herring. Aloo did not, as GlobeNet US alleges, "ignore" this requirement; it simply is not required to address this issue.

C.  Staying the Action Will Not Violate the MSA's Forum Selection Clause

GlobeNet US's attempt to distract the Court with arguments about the MSA's forum selection and jurisdictional clauses is another diversionary tactic that should be disregarded. Aloo does not now, nor has it ever, argued "that this suit should be adjudicated in another forum." Opp. at 8. Contrary to GlobeNet US's assertions otherwise, Aloo simply seeks to stay this matter pending the determination of an issue that GlobeNet US's parent, GlobeNet Brazil, placed squarely before the arbitral tribunal: ████████████████████████████

████████████████████████████████████████████████████. It is GlobeNet Brazil, and not Aloo, that "has invited the arbitrators to determine the ultimate issue before this Court." *Iusacell, S.A. de C.V. v. Int'l Bus. Mach. Corp.*, No. 14 Civ. 2697 (NRB), 2014 WL 6491757, at *5 (S.D.N.Y .Nov. 14, 2014). Thus, Aloo seeks to await the resolution of this issue, as "any decisions by this [C]ourt on the merits of [GlobeNet US's claim for the R$2,756.081.10] would thwart the federal policy in favor of arbitration of disputes by rendering the arbitrator's interpretation of the [Assignment] Agreement meaningless." *Hikers Indus.*, 640 F. Supp. at 178-79.

II. **GLOBENET US'S CLAIM FOR ACCOUNT STATED IS DUPLICATIVE AND MUST BE DISMISSED**

In the alternative, GlobeNet US's claim for account stated—which is premised not on common, but *identical*, facts and seeks not similar, but the *same*, relief as its breach of contract

8

claim—should be dismissed. "When asserted alongside a breach of contract claim, an account stated claim must be pled in the alternative because an account stated claim may not be utilized simply as another means to collect under a disputed contract." *Fort Prods., Inc. v. Men's Medical Clinic,* LLC, No. 15-CV-00376 (NSR), 2016 WL 797577, at *4 (S.D.N.Y. Feb. 23, 2016). However, regardless of how the claims are pled, "as a matter of law, [a d]efendant cannot be found liable on both an account stated claim … and a breach of contract claim … in connection with the same allegations of a failure to pay monies owed." *Wachtel & Masyr LLP v. Brand Progression LLC*, No. 11 Civ. 7398 (LTS)(MHD), 2012 WL 523621, at *1 (S.D.N.Y. Feb. 15, 2012).

Despite its convenient claim to the contrary (Opp. at 8), GlobeNet US's cause of action for account stated is not pled in the alternative on the face of GlobeNet US's Complaint. *See Fort Prods*., 2016 WL 797577, at *4 ("On the face of the Amended Complaint, Plaintiff's account stated claim is not pled in the alternative to the breach of contract claim."). And even if it were, its cause of action is nonetheless premised on identical facts and seeks the same sum, R$2,756,081.10, as its breach of contract claim. *See, e.g.*, *Fort Prods.*, 2016 WL 797577, at *4 (dismissing with prejudice account stated claim because "defendant cannot be found liable on both an account stated claim and a breach of contract claim in connection with the same allegations of a failure to pay monies owed."); *Zimmerli Textil AG v. Kabbaz*, No. 14-CV-1560 (JS)(AYS), 2015 WL 5821523, at *7 (E.D.N.Y. Sept. 30, 2015) (dismissing account stated claim because it "seeks to recover the same damages related to its breach of contract claim"). GlobeNet US's second cause of action must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should stay this action pending resolution of the Arbitration or, in the alternative, dismiss Plaintiff's second cause of action.

Dated:  August 21, 2018

                                        Respectfully submitted,

                                        LEWIS BAACH KAUFMANN MIDDLEMISS PLLC

                                        By:     */s/ Erika Levin*

                                        Erika Levin
                                        The Chrysler Building
                                        405 Lexington Avenue, 62nd Floor
                                        New York, NY  10174
                                        Tel: (212) 822-0161
                                        erika.levin@lbkmlaw.com

                                        *Attorneys for Defendant, FSF Tecnologia Ltda EPP d/b/a Aloo Telecom*

## CERTIFICATE OF SERVICE

     I hereby certify that on August 21, 2018, I electronically filed Defendant's Reply in Support of its Motion to Stay the Action, or in the Alternative, Dismiss Plaintiff's Second Cause of Action with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  Unredacted copies shall be caused to be served on all counsel of record via electronic mail and express mail.

                                                */s/ Erika Levin*
                                                Erika Levin