

Erika Levin
212 822 0161
erika.levin@lbkmlaw.com

March 20, 2019

**VIA ELECTRONIC COURT FILING (ECF)**

The Honorable John F. Keenan
United States District Court
Southern District of New York
500 Pearl Street, Room 1930
New York, NY 10007

      Re:  GlobeNet Cabos Submarinos America Inc. v. FSF Technology Ltda EPP,
            Case. No 1:18-cv-04477

Dear Judge Keenan:

Pursuant to Your Honor's request, I write on behalf of FSF Tecnologia Ltda EPP d/b/a Aloo Telecom ("Aloo"), to provide the Court with an update on the progress of the Brazilian arbitration between GlobeNet Cabos Submarinos S.A. ("GlobeNet Brazil") and Aloo (the "Arbitration") and its effect on Aloo's Motion to Stay the Action, or in the Alternative, Dismiss Plaintiff's Second Cause of Action [D.E. 32] (the "Motion").

The Arbitration, which was initiated in April 2017 (Mot. at 4), is currently pending in São Paulo, Brazil at the Center for Arbitration and Mediation of the Brazilian-Canadian Chamber of Commerce ("CCBC"). *See* Supplemental Declaration of Luciano Pontes de Maya Gomes, dated March 19, 2019 ("Supplemental Maya Decl.") ¶ 3.  The Final Arbitral Hearing was held before the Arbitral Tribunal in São Paulo, Brazil, on February 18 and 19, 2019. *Id.* ¶¶ 5, 10.  GlobeNet Brazil and Aloo (the "Parties") addressed the issues that had been briefed in their submissions, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Mot. at 8).

During the Final Arbitral Hearing, the Arbitral Tribunal specifically asked the Parties to address the instant U.S. litigation, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Supplemental Maya Decl. ¶¶ 5-6.  At the conclusion of the Final Arbitral Hearing, the Arbitral Tribunal ordered the Parties to produce additional evidence on several newly-raised issues, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, by March 22, 2019.  *Id.* ¶ 7. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

---

[1] All capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Motion.



▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *Id.* ¶¶ 8. Subsequently, the Parties will be given the opportunity to make brief submissions to the Arbitral Tribunal to express their views on this newly-produced evidence. Brazilian counsel for Aloo estimates that the Parties will present their Final Claims to the Tribunal by this summer, and the Tribunal will render a final decision 60 days thereafter—by the fall of 2019. *Id.* ¶¶ 9, 11-12.

The recent developments in the Arbitration further underscore the fact that the $2,756,081.10 ▇▇▇ is implicated in both the Arbitration and the instant U.S. litigation. The effort that the Arbitral Tribunal is currently undertaking to evaluate the full relationship between GlobeNet and Aloo may resolve and moot this litigation. *See, e.g.*, *BSG Resources (Guinea) Ltd. v. Soros*, No. 17 Civ. 2726 (JFK), 2017 WL 5897450, at *4 (S.D.N.Y. Nov. 29, 2017) (Keenan, J.) (*quoting Orange Chicken, L.L.C. v. Nambe Mills, Inc.*, No. 00 Civ. 4730 (AGS), 2000 WL 1858556, at *9 (S.D.N.Y. Dec. 19, 2000)). At a minimum, the Arbitral Tribunal's determination will "have a significant bearing on" this matter. *Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping, Ltd.*, No. 10 Civ. 8134 (DLC), 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011). Moreover, the possibility that GlobeNet US will suffer undue prejudice is unlikely in light of the fact that the Arbitral Tribunal is expected to render a decision in the near future. *See Iusacell S.A. de C.V. v. Int'l Bus. Mach. Corp.*, No. 14 Civ. 2679 (NRB), 2014 WL 6491757, at *5-*7 (S.D.N.Y. Nov. 14, 2014). As a result, we respectfully request that the Court stay this action pending resolution of the Arbitration.

Respectfully,

Erika Levin