```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------ X
GLOBENET CABOS SUBMARINOS      :
AMERICA INC. f/k/a BRASIL      :
TELECOM OF AMERICA, INC.,      :
                               :
              Plaintiff,       :
                               :   No. 18 Civ. 4477 (JFK)
     -against-                 :      OPINION & ORDER
                               :
FSF TECHNOLOGY LTDA EPP d/b/a  :
ALOO TELECOM,                  :
                               :
              Defendant.       :
------------------------------ X
```

APPEARANCES

FOR PLAINTIFF GLOBENET CABOS SUBMARINOS AMERICA INC. f/k/a
BRASIL TELECOM OF AMERICA, INC.:
    Donnie Marcel King
    Michael C. Marsh
    Ryan Alan Roman
    ACKERMANN LLP

FOR DEFENDANT FSF TECHNOLOGY LTDA EPP d/b/a ALOO TELECOM:
    Erika Levin
    LEWIS BAACH KAUFMANN MIDDLEMISS PLLC

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a motion brought by Defendant FSF Technology LTDA EPP d/b/a Aloo Telecom ("Aloo") to stay this action pending an arbitration proceeding between Aloo and GlobeNet Cabos Submarinos S.A. ("GlobeNet Brazil"), an affiliate of Plaintiff GlobeNet Cabos Submarinos America Inc. ("GlobeNet"). Aloo moves, in the alternative, for a dismissal of GlobeNet's claim for account stated. For the reasons stated below, Aloo's motion to stay is granted.

**I. Background**

Plaintiff GlobeNet is a Delaware corporation with its principal place of business in Fort Lauderdale, Florida. (Compl. ¶ 4.) Defendant Aloo is a foreign business corporation organized and existing under the laws of Brazil with its principal place of business in Brazil. (Id. ¶ 5.) This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. (Id. ¶ 6.)

**A. The Master Services Agreement**

GlobeNet is a wholesale telecommunications provider that "owns and operates a subsea, dual ring-protected, fiber optic cable system that spans more than 23,500 kilometers." (Id. ¶ 8.) Aloo is a Brazilian operator of telecommunication services that owns a 25,000 kilometer "fiber optic network and infrastructure in 14 states in Brazil." (Id. ¶ 9.) On or about February 13, 2014, GlobeNet and Aloo entered into an agreement, whereby Aloo agreed to purchase certain communication services provided by GlobeNet (the "Master Services Agreement"). (Id. ¶ 10.) Pursuant to the Master Services Agreement, Aloo was required to submit service orders to GlobeNet and, provided that GlobeNet accepted the applicable service orders, GlobeNet was then required to provide the specified services. (Id. ¶ 11.) In

consideration for these services, Aloo agreed to pay GlobeNet monthly fees, as well as certain non-recurring fees, set forth in the service orders. (Id. ¶ 12.)

From May 2013 to August 2015, GlobeNet provided the services and invoiced Aloo. (Id. ¶ 14.) Aloo refused to pay GlobeNet. (Id.) As a result, Aloo is in material breach of the Master Services Agreement and owes GlobeNet R$2,756,081.10 plus interest from the date each payment was owed. (Id. ¶¶ 32-33.) GlobeNet filed its complaint in this action on May 21, 2018, asserting two claims: breach of contract and account stated. (Id. ¶¶ 28-40.)

**B. The Arbitration**

After entering into the Master Services Agreement with GlobeNet, Aloo entered into a separate agreement with GlobeNet Brazil, entitled the "Agreement of Onerous Assignment of Right to Use and Other Covenants Entered into by and between FSF Tecnologia LTDA. and GlobeNet Cabos Submarinos S.A." (the "Assignment Agreement"). (Mem. at 3; Maya Decl. Ex. 1 (Aug. 8, 2018), ECF No. 34.) Intended to last for fifteen years, the Assignment Agreement required GlobeNet Brazil to make a pre-payment to Aloo in the amount of R$10,000,000.00 (the "Remuneration"). (Maya Decl. Ex. 1 ¶¶ 5.1, 6.1.) Aloo authorized GlobeNet Brazil to deduct from the amount of the Remuneration the R$2,756,081.10 Aloo owed GlobeNet under the

Master Services Agreement. (Id. Ex. 1 ¶ 5.1.3.)  Thus, the Remuneration was reduced to R$7,243,918.90, which GlobeNet Brazil paid to Aloo upon execution of the Assignment Agreement on September 24, 2015. (Id. Ex. 1 ¶ 5.1; Id. Ex. 2 ¶ 5.3.6.)

On April 20, 2017, GlobeNet Brazil initiated an arbitration proceeding before Center of Arbitration and Mediation of the Brazil-Canada Chamber of Commerce (the "BCCC"), arguing that Aloo breached the Assignment Agreement. (Id. ¶ 7.)  In the arbitration, GlobeNet Brazil seeks (1) a declaration of the legality of its termination of the Assignment Agreement; (2) an acknowledgment and declaration that the R$2,756,081.10 setoff provided for in the Assignment Agreement became void; and (3) the rendering of an award ordering Aloo return the Remuneration. (Id. Ex. 2 ¶ 5.3.15.)

**C. The Current Motion**

On August 8, 2018, Aloo moved to stay this action pending the outcome of the arbitration proceeding before the BCCC. (See Mot. to Stay the Action or, in the Alternative, Dismiss Pl.'s Second Cause of Action (Aug. 8, 2018), ECF No. 32.)  Aloo has moved, in the alternative, for a dismissal of GlobeNet's second cause of action for account stated. (Id.)

**II.  The Court Exercises Its Discretion to Stay the Litigation**

Aloo argues that the arbitration in front of the BCCC will resolve the dispute in this action, warranting a stay. (Def.'s

4

Mem. of Law in Supp. of Def.'s Mot. to Stay the Action at 1 (Aug. 8, 2018), ECF No. 33 [hereinafter "Mem."].) Aloo argues that "[i]f the tribunal finds that GlobeNet Brazil's termination was improper and GlobeNet Brazil is not entitled to recover the [R]emuneration or confirms the validity of the setoff, then its holding will effectively signify that Aloo's alleged debt to [GlobeNet] remains satisfied by the Assignment Agreement, thus resolving and potentially mooting this litigation." (Id. at 8.)

**A. Legal Standard**

Within the "Court's inherent power to manage its docket" is the discretion to stay "nonarbitrable claims" in favor of a "pending arbitration," even where the parties in the litigation and the arbitration are not identical. Alghanim v. Alghanim, 828 F. Supp. 2d 636, 664-65 (S.D.N.Y. 2011); see also WorldCrisa Corp. v. Armstrong, 129 F.3d 71, 76 (2d Cir. 1997) ("We have recognized that district courts, despite the inapplicability of the FAA, may stay a case pursuant to 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 441 (2d Cir. 1964)).

The movant seeking a stay must show "there are issues common to the arbitration and the court proceeding," and that

"those issues will be finally determined by arbitration." American Shipping Line, Inc. v. Massan Shipping Indus., Inc., 885 F. Supp. 499, 502 (S.D.N.Y. 1995). If this requirement is met, then the movant must show that "the non-arbitrating party will not hinder the arbitration, that the arbitration will be resolved within a reasonable time, and that such delay that may occur will not cause undue hardship to the non-moving parties." Id. (citing Sierra Rutile Ltd. v. Katz, 937 F.2d 743, 750 (2d Cir. 1991)). "Stays are particularly appropriate where they promote judicial economy, avoidance of confusion and possible inconsistent results." Birmingham Assocs. Ltd. v. Abbott Labs., 547 F. Supp. 2d 295, 302 (S.D.N.Y. 2008) (quoting Orange Chicken, L.L.C. v. Nambe Mills, Inc., No. 00 CIV. 4730 (AGS), 2000 WL 1858556, at *9 (S.D.N.Y. Dec. 19, 2000)).

On a motion to stay in favor of arbitration, a court may consider exhibits outside of the pleadings. See Ramasamy v. Essar Glob. Ltd., No. 11 CIV. 3912 JSR, 2012 WL 1681763, at *2 (S.D.N.Y. May 8, 2012) ("[P]laintiff was aware, at least since Essar filed its original brief in support of stay or dismissal on August 10, 2011, of the standard that the Court could consider material outside the pleadings on a motion to stay or dismiss in favor of arbitration."). Cf. Bensadoun v. Jobe-Riat, 316 F.3d 171, 175 (2d Cir. 2003) ("Nonetheless, the summary judgment standard is appropriate in cases where the District

6

Court is required to determine arbitrability, regardless of whether the relief sought is an order to compel arbitration or to prevent arbitration.").

**B. Analysis**

The Court holds that a stay in this case is warranted because Aloo has established that there is an issue "common to the arbitration and the court proceeding" that "will finally be determined by [the] arbitration": whether the debt owed by Aloo to GlobeNet has been satisfied. American Shipping Line, Inc., 885 F. Supp. at 502; see also Maritima de Ecologia, S.A. de C.V. v. Sealion Shipping Ltd., No. 10 CIV. 8134 DLC, 2011 WL 1465744, at *5 (S.D.N.Y. Apr. 15, 2011) (granting a motion to stay pending an arbitration relating to a separate contractual dispute between the parties because the arbitration would determine an important, although not the ultimate, issue before the court). If the arbitration panel concludes that GlobeNet Brazil did not legally terminate the Assignment Agreement, then Aloo has a right to argue in front of this Court that the damages GlobeNet seeks have been satisfied. If the panel's conclusion is that GlobeNet did indeed lawfully terminate the Assignment Agreement, and the setoff provision in that agreement is void, then GlobeNet can argue that any debt owed by Aloo has not been satisfied. The resolution of the issues in front of the BCCC, therefore, will "likely provide significant insight

into, if not actually resolve, the claims asserted in this action." Orange Chicken, 2000 WL 1858556, at *9.

GlobeNet argues that the Court should not stay this action because (1) GlobeNet Brazil is not the same entity as GlobeNet (Pl.'s Opp. to Def.'s Mot. to Stay the Action at 5 (Aug. 13, 2018), ECF No. 38 [hereinafter "Opp."]); (2) the arbitration will only resolve disputes pertaining to the Assignment Agreement, not the Master Services Agreement (id.); and (3) the Master Services Agreement provides that any dispute relating to the Master Services Agreement must be brought in state or federal court in New York, not in an arbitration tribunal (id. 7-8). The Court is not convinced by any of these arguments.

First, courts in this district have used their "inherent power" to stay cases pending ongoing arbitrations, even when those arbitrations involve nonparties to the court actions. See, e.g., BSG Res. (Guinea) Ltd. v. Soros, No. 17 CIV. 2726 (JFK), 2017 WL 5897450, at *3 (S.D.N.Y. Nov. 29, 2017) (staying a court action pending an arbitration between the plaintiff and a non-party to the court action); Orange Chicken, 2000 WL 1858556, at *9 ("The Court hereby stays the action as to Orange's claims against Nambé and Target pending the outcome of the arbitration between Orange and Zeisel, and Nambé and Zeisel, before the AAA."). Therefore, GlobeNet's argument that the

Court cannot stay this case because the arbitration involves a separate GlobeNet entity is meritless.

Second, the Court's ability to stay this case is not dependent on whether the pending arbitration will resolve all of the issues posed in this litigation; rather, the inquiry turns on whether there are some common issues between the two actions, and those common issues will be finally resolved in the arbitration. See American Shipping Line, Inc., 885 F. Supp. at 502.  Here, there is a significant overlapping issue between the arbitration and this litigation:  whether any damages owed by Aloo have been satisfied by the setoff Aloo granted GlobeNet Brazil when they entered into the Assignment Agreement.  It is, therefore, largely irrelevant to the Court's decision whether to grant a stay that "certain matters . . . will not be resolved in the Arbitration," including "(i) that the [Master Services Agreement] is valid and binding; (ii) the [Masters Services Agreement] was supported by valuable consideration; (iii) GlobeNet . . . fully performed all of its obligation[s] under the [Master Services Agreement]; [and] (iv) Aloo breached the [Master Services Agreement] by failing to make payments to GlobeNet . . . of fees owed from May 2014 to August 2015." (Opp. at 5.)

Third, by staying this action pending the decision of the BCCC, the Court is not prohibiting GlobeNet from exercising its

right to litigate in New York pursuant to the Master Services Agreement.  Rather, once the arbitration has been decided, the litigation in this action will proceed in a timely fashion.

Finally, the Court notes that GlobeNet has not disputed Aloo's assertions that (1) Aloo will not hinder the arbitration in front of the BCCC, and (2) the arbitration will be resolved within a reasonable time -- by the fall of 2019.  Nor has GlobeNet convinced the Court that a stay will cause it undue hardship.  GlobeNet argues that it will "suffer hardship by not receiving the funds owed to it under the [Master Services Agreement]." (Opp. at 6.)  It is a well-known adage that "justice delayed is justice denied."  Here, however, GlobeNet's monetary concerns are outweighed by the possibility of inconsistent results. Orange Chicken, 2000 WL 1858556, at *9 ("[A] stay of the instant action is warranted in the interests of the parties and judicial economy, and in order to avoid possible inconsistent results.").  For example, a verdict by the factfinder in this case that Aloo breached the Master Services Agreement and, therefore, owes GlobeNet damages, could potentially conflict with a decision in the arbitration that GlobeNet Brazil invalidly terminated Assignment Agreement and, therefore, Aloo's setoff of the amount it owed under the Masters Services Agreement is valid and enforceable.

Accordingly, Aloo's motion to stay is granted. The Court need not decide the motion to dismiss GlobeNet's cause of action for account stated.

## A. Conclusion

For the foregoing reasons, Aloo's motion to stay this action pending the arbitration in front of the BCCC is GRANTED. The Clerk of the court is directed to close the motion docketed at ECF No. 32 and to stay this case.

**SO ORDERED.**

Dated:  New York, New York
        March 29, 2019

_____
JOHN F. KEENAN
United States District Judge